Case No. 10-2496, S37 Management v. Advance Refrigeration Co. May it please the Court, my name is Jim Borsche. I represent Advance Refrigeration in this case. The issue in this case is that the trial court improperly found that this case should proceed as a class action. This case is not properly proceeding as a class action because of the numerous individual issues that are involved in this case. I see that you began your argument with the claim that the trial judge did improperly find a basis for class action. One of the problems we have with your brief and noted by the appellees is that you don't set out the standard of review that is required by Supreme Court rules in the brief, and then you do attempt to respond to it in your reply brief. But it's a standard that I find to be so broad that it virtually applies in every case that would come before the appellate court. Every appellant would contend that the ruling below was improper, otherwise they wouldn't be here. But that hardly is the standard of review that we have to abide by in deciding whether the trial judge got it right or not. What is the standard of review? Well, I think the standard of review is abuse of discretion, that the trial court has discretion. But there are many cases where that standard is applied to certifications and certifications are reversed based upon the facts of the case. This case is a classic example of that, because to have a class action, you have to have the plaintiff be able to establish the claim for the class members. Otherwise, you would have to have all the class members come into court and testify about what happened in the transaction. And that would constitute an abuse of discretion if the court certifies a class that is really a multiple mini-trial or individual trials for every member. Yes, and all you have to look at for that, as to why that occurs here, is this case itself. If you look at the dispute between S37 and Advance, you will see that there is a very much contested issue in terms of what the transaction was. S37 claims that they were duped into believing this charge that they themselves included on their forms. What do you mean by that, when they themselves included it in their form? Well, when they ordered products from Advance, they had to submit requisition orders. They actually included this charge in their requisition order. Where do you think that came from, though? Well, it came from us. But the issue is, what did they understand? They claimed that they misunderstood what it was. What if they had labeled it a GPR tax? In their form, you don't label it a tax. But what if they had? Would that make any difference to us? Well, I think it gets to the issue of, you have to get to what they understood, and were they misled? They have a fraud claim here. Were they actually misled? And while they can get up there and say, this is what we believe based upon the documents and what we were told, they can't establish that for anybody else. There were different sales representatives who worked for Advance. There are obviously different customers involved. Customers submit different documents to Advance. You can't just go off of what they say. They are going to have to get up there and say, while we believe this, we can't say what company A, B, C, D believed or was told by different sales representatives at different points in time. Why should we, why would a court of law be concerned, and apparently Judge Hall wasn't concerned about having information regarding what each customer of your client believed, because the information or the way this required processing requirement was set out, it suggested one thing. And why can't the trial judge simply say that, as a matter of law, or taking this in the light most favorable to the plaintiffs, we think everyone is going to reasonably conclude, or a reasonable person would conclude, that this is a requirement not going into the pockets of the provider. The issue is, well, you said they reasonably believe. That's subject to debate. Our testimony is the customers are told what it is. They are explained what it is. If they have questions, we send them documents. And different customers could take that differently. The issue is, the fact is... I understood the record to say that an explanation doesn't come forward unless the customer inquires about what the meaning of this government processing requirement is. The testimony from the owner of the company is that initially when the customer first comes to advance, the expectation is a sales representative will tell the customer, explain what all their charges are. Not just what this is, but also their delivery charges. Their position is this was an overcharge. It wasn't. The customers are told what the charge is in advance. They agree to the charge. Their position is, and it's unique, because we have no other issue with any of the customers, they believe this was a tax, despite the fact this form has a separate line for a tax that isn't on that line. That did cause me to wonder, given that this is meant to defray the cost that advance incurs in complying with government regulations, whether it's federal, state, or local, the amount that you're receiving, and I know it's nominal, $1, $2, or $3, depending on when you received it, is advance paying taxes on that amount of GPR funds received? Sure. It's revenue. It's revenue. Sure. So to the extent it's revenue, and what does it cover? What does the charge cover? Yeah, what does it charge? It's an attempt to estimate what, and it doesn't cover everything, but estimate what advance has to do to comply with government regulations. Workers' compensation, tax, everything. And you can see that government regulations are almost always with us, aren't they? Correct. And yet this came about in, what, 89? Yes. In 89, when, was it triggered by a new government regulation that might have come up at that point to cause advance to incur additional expenses that it had prior to that point incurred? I think it was a combination of building, and they've continued to build. There are more and more regulations. To the extent that those regulations, or compliance with those regulations always existed, why isn't that simply the cost of doing business that every business has to incur? Could be. And the fact is that, obviously not every business does this, but the fact is that it's disclosed. Just like you have some businesses charge service charges. They're disclosed. And the customer, if they decide that they don't like this, they can go to somebody else. They don't have to go to Advance. Other people sell appliances. But this issue is disclosed to the customer. And the issue, the problem I have with this case is, if you look at the vehement opposing positions of S37 and Advance on this issue, even their own person says, I was told it was a tax. I got this document. I didn't understand it. That is going to be a mini trial for every single class member, if we go that far, because S37 cannot get up there and say. Then let me ask you this question. You say that there's going to be a mini trial for every customer, or you believe there could be, depending on how they viewed that GPR. Are you saying that these customers would seek to have a trial when the cost is, or when the possible recovery is $1 or $2 or $3 per item purchased from Advance? Or do you think your client would sort of walk away from that? Well, most customers are probably repeat customers, so they're going to have more than one order. So it's not going to be just that for most of the customers. But I don't think that matters. I don't think they would pursue a claim. Well, does it matter for purposes of deciding when a class action is warranted? I think it's a factor. But the issue is, if you have to have individual trials to decide that issue, it doesn't matter if the dispute is $1 or $10 or $10,000. The individual issues have to be decided individually. Advance has the right to defend the case based upon what each, if a class member is willing to say they were deceived, to cross-examine them on that. And what's the basis for that? Who did you talk to? And what documents did you receive? It doesn't matter what the amount of the dispute is, because they have a right to defend the case, whether it's $1 or $10,000. But if you're saying that it's unlikely these individual potential claimants would file a lawsuit over $3, even if they did it 10 times, $30, how else do you expect these sort of disputes to get resolved if it isn't in the context of a class action? Well, the dispute will be resolved with S37. S37 is the only one looking forward to make a claim. They have a claim, and they are not just pursuing the money they paid. They're also under the consumer product. They can pursue attorney's fees. They can pursue interest. So they can still pursue their claim, and they will pursue their claim. And no one else has come forward to make a claim in this. So to answer one of your questions, I'm not sure if anybody else is going to claim they were deceived. So that's something we have to ask them on a trial or a discovery, as to whether they actually have a claim. And S37 can't do that for them. And that's the antithesis of class action, is if the class number representative cannot establish their claim, class actions don't work, because then you have to get into all the individual issues with other customers. What about the threshold issue, which is how can we disturb the exercise of discretion by the trial court when we don't have anything before us to determine whether or not he abused his discretion? Well, I think you have before you, you have the record before you in terms of the briefs that were filed, the evidence submitted to the trial court. Everything is in the record. The issue, I think, is we have to decide whether or not he abused his discretion. Correct. Which means you have to address the issue of how he abused his discretion. Did you do that? I think we did by establishing that the trial court… Because you give us a record that shows that. Yes. We gave all the class action briefs. That's how… Not about the briefs. We're talking about what happened before the court, the arguments before the court, what the court had. The trial court had everything you had. The hearing was simply… It's not a de novo review. Correct. But the hearing was simply, here are the briefs. We argue just like we're arguing now, and judge issued a ruling… So you're saying, are you asking us to take your word for it? Or we're saying, where's the record that says exactly what you're saying? Well, I think the trial court record establishes what was filed with the court. There was no evidentiary hearing before the trial court. Let's get down to the bottom line here. Did you provide us with the transcript of the hearing where the trial judge issued its ruling on the issue of class certification? No, there was no transcript. There was no court reporter there. But there was nothing material that happened at the hearing. The exercise of his discretion occurred at the hearing. I agree. And our claim is there was an abuse of discretion given the evidence before the trial court. And you have everything that was before the trial court. But if we had a transcript of all of that, then we could observe it. We wouldn't know how the judge went about deciding this issue. We don't know how the judge went about deciding the issue other than you're asking us to review everything that the trial judge did. And that sounds like a de novo review as opposed to an abuse of discretion review. It sure does. The judge's order is the basis for her decision. And that's all she said was I'm going to grant certification. And everything that was in front of her were the briefs. Once again, you're asking us to take your word for it. I understand. I'll say it in the meantime. Okay. Thank you. Good morning, Your Honors. May it please the Court. Peter Lubin on behalf of the class. The issue here is abuse of discretion. We know the standard. Right. But the issue is, as you said, that there was no transcript. That's certainly one aspect of it. But what about the ‑‑ it is a question of law as to whether or not, or we can certainly treat it as a question of law, as to whether or not the class members share sufficient adequate claims to be able to present this in a class action suit. And what is the nub or the thrust or the gravamen of your representative's claim against advance? That they filed those attacks? No. There's a bill. And the bill says government processing requirement. The way the bill is written is, and it's in the record, is you have all the regular charges. Then you have a line like you would normally have. And then you have delivery, government processing requirement, and tax below the total cost line item that any consumer would reasonably believe was the price of the goods. And the government processing requirement appears to be a government mandated fee by what a reasonable, objective consumer would believe. And the standard under the Consumer Fraud Act is what would a, not subjectively what every individual subjective consumer would believe, but what would a reasonable, objective consumer believe? And in a class action trial, the plaintiff, once it's certified as a class, doesn't bring all the class members in. That's the whole purpose of having the class representative. Doesn't the representative in this instance, didn't S-37 say that, or one of the individuals say that she believed the GPR was a tax? And does the claim of the class turn on that point? If it does, does that require every class member to be asked, what was your interpretation of this GPR? Absolutely not. First of all, one of the claims is breach of contract. And contract, they say, government processing requirement, every reasonable person who reads the plain meaning on the face of that contract would reasonably believe that that was a, particularly where it's placed on the bill, would reasonably believe that that was a government mandated fee. And the evidence is that that wasn't. As opposed to going into their pocket, as opposed to being a revenue item. They wouldn't believe it's a revenue item. And by the way, you asked what was the fee for? First of all, they introduced the fee some period shortly after they got a big fine from the government. And at the deposition, the clear inference was they needed to cause some revenue. Well, that's a clear inference you take. It isn't an acknowledgment on their part, was it? No, but a reasonable fact finder could make that inference that that was one of the motivations. And they testified that it was every conceivable cost in the world that a business would incur to have their outside tax accountant prepare their financial statements so they could do their tax returns. And they had no reasonable basis of coming up with this as an arbitrary number that they came up. They wanted to increase their revenue. They didn't want to increase prices. And so the inference from the evidence that a reasonable fact finder can draw at the trial is they didn't want to raise their prices. They wanted to make this look like a tax because then people wouldn't raise their hand and say, I don't want to pay this. It was an easier way to slip in a price. But the representative testified that she thought it was a tax. No, but the representative testified, and this was what I do object to, is when counsel said what happened at the class certification hearing. That is, although I wasn't there, my partners were there. They told me there was an extended hearing. Judge Paul reviewed the deposition testimony. This was one of the issues. For a long period of time, S37 just got the bill, and they paid it based on seeing the bill. At a certain point in time, the owner of S37 asked the person who was in charge of this part, what's this fee for? Can you call them up? So there was an extended period where S37 is exactly like every class member. They're receiving a bill and on its face. And what happened is S37 was told, this is a tax. Now, they dispute that, but I think that's an evidentiary record that says what we believe happened is that to the extent any customer asked, they were lied to, and S37 is the example of that to stand in for the class. And the record is that they didn't give a single, and it's important if you read the Heinold decision, because the Supreme Court's decision on class certification at Heinold talks about exactly this, a fee that makes it appear that it's paid to a third party. In that case, it wasn't the government. And the fact that all the defendant had to do was plainly state on the face of the bill, this isn't paid to a third party, it's going to us. And it's a deceptive if you make it seem like this isn't money that's going to the business, it's going to someone else because it's very important in a free market to have truthful pricing information. So the defendant testified at their deposition that there wasn't a single form standardized document on the bill and these other things that ever went to a single customer explaining what this fee was. What they said was they had this form document. If you read it, it's extremely confusing on its face. That's why they don't even quote it in their brief. And that document, they said, if someone asked, it might go out. And in the whole years they had this fee, it went out 25 times. They couldn't identify a single person other than three, and one of them was my client, who they described the fee to. And I take issue with the description of the record. They didn't have a policy in place, or at least the fact finder can infer that, and it was certainly reasonable for Judge Hall to infer that at the class certification hearing, and it doesn't constitute an abuse of discretion because the testimony was when I asked the owner, did you have this policy or are you just speculating? And he said, well, it was my expectation they would do it, but I'm just speculating. And if you look at the record in their sworn interrogatory answers, they were asked to say all people that have knowledge. They didn't identify any salesmen who had knowledge in the interrogatory answers. They criticized me for not deposing any of them. And they said salesmen might have knowledge. These are the only two people that have knowledge. And certainly in a class trial, what happens is, I've done one or two class trials, the class representative is there. If they want to say that other people understood the fee differently, one, the court, they could put that in later on and the court could decertify the class. Or at trial they could say, if it's their policy, as the amicus brief said, if it was their policy to tell everybody, that would apply to everybody across the board. Including your client. Including my client. And, you know, what we say is for the vast majority of customers, like other cases I've done exactly like this. In the case that I cited in the brief, Terrell versus Hilton, all the Oak Brook Terrace hotels hid a non-tax in the tax line item. The only customers who came forward were the class representatives because every other person is deceived. They've achieved their deception by calling it a government mandated fee. And, of course, nobody is going to complain about that. Because, you know, frankly, in your daily lives, you get a bill, if it looks like a tax, you pay it. And if someone wants to add a fee like that, what a business ought to do in a straightforward and honest manner is disclose it in a way where people can see exactly what it is. And if they want to pay, they can pay. Have you been to San Francisco recently? No. Well, because they had a, I think it was San Francisco City itself, imposed additional fees on restaurants to cover workers under their medical care. And the restaurants, in fact, labeled an additional fee to cover the expenses related to covering, to meeting the city of San Francisco. That's a problem. And that's what you're saying that should have occurred here. Truthfully and honestly say, this is the fee. We want to charge you because we think the government is intruding on our lives too much, costing us too much money. And as our sort of process for that or recovering for our business, we want to add that fee to the bill. And if you want to pay it, you can. If you don't like the fact that every other business has these costs and isn't adding on a fee, you can go somewhere else. They didn't give people that honest decision. The clear inference of this was – A phone call from a potential customer asking, what's the cost for this item? And they quote, only the price of the cost. That's what they say. As opposed to adding in the GPR. In page 6 of our brief, and it's in the record, I think, in our appendix at A19, SSR 57, that's exactly what the defendant said. He said, and it was a little unclear because you have to understand what Exhibit A12 is, which was this thing they sent out to 25 customers. But I said, now, is there a policy when you get a cold call internally from an order, the internal sales person says they explain the fee before the customer starts. They tell them the GPR and that it's $3. And do they go through a whole explanation such as A12, which was this thing that they had, which was unclear on its page 2. And they said only if the customer asked. Now, another issue is they said that this Exhibit A12 was what they gave their sales staff as talking points for those 25 customers at most who ever asked after all these years. And if you read that, that on its face is deceptive. My client got that near the tail end and had all sorts of questions written on the one saying, is this a tax? And so the two times she inquired, she was told it's a tax. And we're saying, no, that doesn't create individualized issues. That is evidence from which a trial effect can draw the inference that they told the same lie to everybody else. Now, if they want to bring in customers at trial to say, no, this isn't, that it's not, the court could decertify the class. I mean, it's telling that they didn't bring in a single affidavit from a single customer who they claim was told. They didn't introduce affidavits from their salesman. Of course, you would ask the customer, what would motivate you to pay this GPR if it wasn't a tax or it wasn't part of the cost? Well, it's certainly possible, as you said, and I'm not going to say it isn't, that if someone's truthfully disclosed it, they could say, well, I still want to do business with them, and I'll pay it. But that wasn't the case. The evidence and the record, it's very reasonable to infer that because they didn't have any standard written explanation that went out to everybody telling them that this happened, that they couldn't come forward with a single person to say it happened, that their own owner said that his testimony that was standard policy, he said, I said, well, are you saying this happened? Are you sure that happened? He said, I'm speculating because we don't have a requirement. They explain every aspect of the company when they start dealing with the customer, which is directly contrary to what counsel said the record reflects. And as I said, there was a reasoned extended hearing by Judge Hall. Let me sort of get us back to where we started. That was the issue of the absence of a transcript. These arguments that you're making before us regarding responding to the arguments from advance that there would be individualized claims, were those sort of arguments, well, you weren't there. Well, I was told. Yes. And me too, Judge Hall. Yes. Judge Hall should have a chance in fairness, you know, a trial court, you know, when they make a decision like this, to be reversed and not have a chance to articulate their reasoning to the appellate court before the appellate court said you abused your discretion, you acted in an arbitrary and capricious fashion. No reasonable judge could have ever done what you did. I mean, first of all, the cases we cited said the appellate court on this standard review isn't supposed to reevaluate the facts. We're not supposed to be having this discussion about how did we prove class certification. We're supposed to be looking at what Judge Hall did and say, could no reasonable judge ever do that? Was that clearly an abuse of discretion? I think the health cost case, which is a case that actually, I think it reversed class certification with a record of the hearings, said that the court can't reassess the facts in the appellate proceedings. It's not a de novo review. And the Collins case, which I think was from this court in 1984, said without a record, and this was talking about a class certification decision, said without a record of what happened, there's an information gap and we have to presume under the very deferential standard review for class certification that the trial court acted properly in certifying a class. And there's a safety valve for defendants. If they say that every single class member was told, first of all, that's a classified defense, they can run in and produce affidavits from their salesman and all this other stuff and Judge Hall can immediately change her mind and decertify the class. But every defendant with a case like this is going to try to make the argument, which the court has intended to determine on a credibility basis, on a full record, did they in fact tell everybody or are they just saying there's these different oral things that will cause many trials, which every defendant will say, and prohibit a class action from going forward? None of the customers in my Hilton case, there was every single law court judge, had the same thing, would have ever gotten a refund of their money. They all got a check in the mail for 100 percent of their damages because of the consumer fraud and prejudgment interest covered attorney's fees. It was a case not like you hear about from all the enemies of class actions. This was a case where every class member who could be identified in Hilton's record got a check. What I'm saying is the class action device is a proper and good thing here and if you could make all these arguments about many trials on this type of speculative record, you'd never have class action. Thank you. This is short rebuttal. Yes, thank you. The burden of proof in this case is on the plaintiff. Counsel makes the arguments about what other class members. The burden of proof sounds like a trial burden of proof. It doesn't sound like a burden of proof when it comes before us in the context it is before us. Right, but that gives the issue of what the plaintiff's burden was. You have to show us why the trial judge abused her discretion. Correct, and counsel would make the argument. That's your word. You're the appellant. I understand, but I'm talking about at the certification stage, they had the burden of proof. Counsel is talking about what other class members, like every other class member, what they were thinking. He has no idea. The only thing he submitted was the – I'm sorry. We're past the point of burden of proof. That's what I'm saying. Why she abused her discretion. And what I'm talking about is, in terms of what he's saying, the only submission he made was what his client felt, and his client testified that she was told – That's why they're called representatives. She was told it was a tax. That's what she relied on, and that's why she believes she was duped in this case. Then he submitted no testimony. That's a bit unfair because that conversation she had regarding it being a tax wasn't initiated by advance. She called advance to find out what GPR is all about to begin with, and I'm not sure that any explanation she could have been given would have satisfied her, but she recalls it being labeled a tax. So I'm not sure that that is a fair – because she was – the phone call was triggered by her inquiry of, what is this GPR all about? But this business is not just sending documents. These are sales representatives calling on people and having oral communications, and that's my point is, he can't say what anybody else was told. The standard practice in the temporary system of my client was, they expected every customer to be told before they placed an order what the GPR was. Their sales representatives should have been doing that. Could his expectations have been not fulfilled? Sure, but that's the point is, you need individual trials to determine that. S-37 says they weren't told. She was the only S-37 representative. Lita was just one person. They could have told somebody else. You have to march in these people and say, what were you told? What was your reason for believing this? And that's the other problem I see, that why should there be a reliance on verbal communication at all? It seems to me that if you're going to make a claim seeking to recover, or your client is making a claim seeking to recover this overly burdensome regulations, they should make that clear to all their customers in the form in which they are making, you know, a charge for that regulation. Well, there's nothing prohibiting oral communications. You can explain things orally. You know, in fact, oral communications might be a convenient way to avoid class certification because that's your reliance. But there's nothing in the law prohibiting that. Oral communications happen every day in business transactions. There's no requirement, there's no statute of frauds issue. You can have oral communications. That's how sales representatives make sales. Okay. Thank you. Thank you very much. You know, we have read the briefs and we've read the record, and you gave us a very interesting argument. The briefs were good, and we'll take the case under advisement.